# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF RICHARD A. KEMPF, JR., Deceased, Amanda Kempf, Administratrix, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:15-cv-00486-TFM |
| v. | ) ) ) | |
| WASHINGTON COUNTY AND JOHN TEMAS, WARDEN, WASHINGTON COUNTY CORRECTIONAL FACILITY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Now pending before the Court is the MOTION TO REMAND CASE TO STATE COURT (ECF No. 2) filed by Plaintiff, Estate of Richard A. Kempf, Jr., Deaceased, Amanda Kemp, Administratrix, along with a brief in support (ECF No. 3). Because it is clear to the Court that Defendants' attempt to remove this action is improper, at least at this time, no response from Defendants is necessary,[1] and Plaintiff's motion will be **GRANTED**.

## I.     Background

According to Defendants' Petition, Plaintiff initiated this action in the Court of Common Pleas of Washington County by filing a Praecipe for Writ of Summons on April 8, 2015. The Writ of Summons was served on Defendants that same day. All parties agree that Plaintiff's complaint has not yet been filed. On or about April 7, 2015, Plaintiff did, however, file a Motion Seeking Pre-Complaint Discovery and Seeking to Prevent Spoliation of Evidence, in which they stated, inter alia, that its not-yet-filed complaint "will allege a violation of their decedent's 14th

---

1.      *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (explaining that the removal statute "authorizes the district court to remand . . . without affording [the defendant] an opportunity to respond to [a remand] motion" whenever subject-matter jurisdiction is at issue).

Amendment and 8th Amendment rights under the U.S. Constitution." Ex. 2 at ¶ 2.

On April 13, 2015, Defendants removed the action to this Court, asserting that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and § 1343. More specifically, they contend, '[j]urisdiction of this matter lies with this Court because Plaintiff sets forth in Paragraph 2 of its Motion [in state court]" that 14th and 8th Amendment claims will be asserted in their not-yet-filed complaint. The same day this action was removed, Plaintiff filed its Motion to Remand, in which Plaintiff argues that removal is premature under 28 U.S.C. § 1446(b) because only a Writ of Summons and not a Complaint has been served in the state-court action.

## II.     Discussion

The Court agrees with Plaintiff that Defendants' attempt to remove this action is premature. The federal removal statute provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b) (emphasis added). As § 1446(b) makes clear, "[a]t a minimum, there must have been an 'initial pleading setting forth the claim for relief' received by the defendant before a defendant may invoke this provision." *Gervel v. L & J Talent*, 805 F. Supp. 308, 308 (E.D. Pa. 1992). The Third Circuit Court of Appeals has held that a writ of summons is not an "initial pleading" that triggers the time for removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). Instead, the removal deadline is triggered only by the filing of a complaint; "where no complaint has been filed, as the case is here, removal is improper." *Ball v. Metro. Life Ins. Co.*, No. 3:CV-14-0239, 2014 WL 806423, at *1 (M.D. Pa. Feb. 28, 2014) (citing *Card v. USA Truck, Inc.*, No. 13cv2538, 2013 WL 5597151, at *1 (M.D. Pa. Oct.11, 2013); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 941 F. Supp. 2d 568, 570-71 (E.D. Pa.

2013)). This is true irrespective of whether it appears likely, based on the contents of Plaintiff's Motion for Pre-Complaint discovery, that subject-matter jurisdiction will eventually be found to exist. *See, e.g.*, *Gervel*, 805 F. Supp. at 310; *Lane v. CBS Broad. Inc.*, No. CIV.A. 08-CV-0777, 2008 WL 910000, at *7 (E.D. Pa. Apr. 2, 2008) (finding that a writ of summons accompanied by a detailed notice of discovery outlining factual and legal nature of plaintiff's claims did not constitute an "initial pleading" under § 1446(b)); *Campbell v. Oxford Electronics, Inc.*, Civ. A. No. 07-0541, 2007 WL 2011484 (E.D. Pa. July 6, 2007) (holding that a Civil Cover Sheet, accompanying a Praecipe for Writ of Summons, did not trigger the Section 1446(b) removal period even though it gave defendant notice of diversity of citizenship, amount in controversy, and nature of claims).

As our sister court in Eastern District of Pennsylvania astutely observed in *Gervel*, there are sound reasons for this bright-line rule. For one thing, "it is consistent with Fed. R. Civ. P. 3 which provides that an action is commenced, in federal court, by the filing of a complaint." *Gervel*, 805 F. Supp. at 309. "If a party were allowed to remove a Writ of Summons, we would be allowing the creation of a form of action that does not exist under the Federal Rules." *Id.* Since there is "no federal 'limbo' equivalent to Pennsylvania Rule 1007," the Court, "and the parties, would be left with no procedural mechanism, such as Pennsylvania Rule 1037, to address the Writ of Summons, which would then be doomed to linger until, eventually, the parties decide to move the Writ of Summons to some other, perhaps equally nebulous, procedural plane." *Id.* This rule is also necessary because, without a complaint, the Court cannot be sure that it has subject-matter jurisdiction over the action being removed to federal court. *Id.* While the Motion for Pre-Complaint discovery does indicate that Plaintiff will eventually be pursuing Constitutional claims, there is nothing requiring Plaintiff to hold to that statement. Plaintiff is

free to amend the theory of the case depending on what might be learned through pre-complaint discovery, if the same is allowed by the Common Pleas Court. And Plaintiff could also simply choose not to pursue the action any further. Thus, were the Court to find a basis for jurisdiction, it would be based on speculation. However, "this Court's very power to hear this matter cannot be based solely on . . . guesswork." *Kownacki v. CSX R.R.*, No. CIV.A. 10-514, 2010 WL 2103921, at *1 (W.D. Pa. May 13, 2010), *report and recommendation adopted*, No. CIV.A.10-514, 2010 WL 2104887 (W.D. Pa. May 25, 2010).

### III.    Conclusion

Accordingly, Plaintiff's Motion to Remand will be **GRANTED**, and this action will be remanded to the Court of Common Pleas of Washington County. An appropriate Order follows.

McVerry, S.J.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF RICHARD A. KEMPF, JR.,<br>Decease, Amanda Kempf, Administratrix, | )<br>)<br>) |
| | ) |
| **Plaintiff,** | ) **2:15-cv-00486-TFM** |
| | )<br>) |
| **v.** | )<br>) |
| | ) |
| WASHINGTON COUNTY AND JOHN<br>TEMAS, WARDEN, WASHINGTON COUNTY<br>CORRECTIONAL FACILITY, | )<br>)<br>)<br>) |
| | ) |
| **Defendants.** | )<br>) |

## ORDER

**AND NOW**, this 14th day of April, 2015, in accordance with the foregoing Memorandum

Opinion, the MOTION TO REMAND CASE TO STATE COURT (ECF No. 2) filed by

Plaintiff, Estate of Richard A. Kempf, Jr., Deceased, Amanda Kempf, Administratrix, is hereby

**GRANTED**. It is **FURTHER ORDERED** that this action is hereby **REMANDED** to the Court

of Common Pleas of Washington County.

BY THE COURT:

<u>s/ Terrence F. McVerry</u>
Senior United States District Judge

cc:    **Herbert A. Terrell, Esq.**
       Email: hat@terrelllegal.com

       **Paul D. Krepps, Esq.**
       Email: pdkrepps@mdwcg.com